```
                   United States District Court
                      District of Massachusetts
```

```
_____
                               )
LUIS BUILES,                   )
        Petitioner,            )
                               )
             v.                )    Civil No.
                               )    10-cv-11286-NMG
MARTHA COAKLEY,                )
        Respondent.            )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

This petition for a writ of habeas corpus, filed by petitioner Luis Builes, pro se, arose out of his conviction for cocaine distribution in Massachusetts Superior Court for Suffolk County.  Petitioner pled guilty to that crime on April 12, 1989, and was incarcerated until July 16, 1994.  Nearly ten years later, petitioner was arrested on federal drug charges.  Only then, in 2003, did he challenge his initial state conviction on the grounds that the court conducted a constitutionally inadequate plea colloquy.  His motions for a new trial and petitions for writ of corum nobis were denied by the state trial court.  He did not appeal.

   I.   **Background**

On July 27, 2011, former United States District Court Judge Nancy Gertner dismissed Builes's habeas petition on exhaustion

grounds, finding that he never pursued a direct appeal of his conviction. After the case was transferred to this Session upon Judge Gertner's retirement, this Court denied petitioner's motion for reconsideration. Builes has appealed the dismissal of his habeas petition. On January 4, 2012, the First Circuit Court of Appeals requested that this Court address whether petitioner is entitled to a Certificate of Appealability.

## II. Legal Analysis

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)(2000). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where, as here, a habeas petition is dismissed by the district court for the failure to surmount a procedural hurdle (e.g., exhaustion, waiver, untimeliness), the petitioner bears the burden of showing that reasonable jurists could debate whether the petitioner did, in fact, surmount that hurdle. Graham v. Maloney, 121 Fed App'x 400, 404 (1st Cir. 2005).

Federal district courts must dismiss petitions for habeas corpus that contain unexhausted claims unless a stay is granted giving the petitioner an opportunity to exhaust state court remedies. Rhines v. Weber, 544 U.S. 269 (2005). A stay should be granted only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277.

Because Builes failed to pursue a timely direct appeal of his conviction, without good cause, and the issues raised in his petition do not merit further consideration, no reasonable jurist would find that the Court erred in dismissing his petition for habeas corpus. He is, therefore, not entitled to a Certificate of Appealability.

## ORDER

In accordance with the foregoing, a Certificate of Appealability will not issue.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 19, 2012